UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for FIRST NATIONAL BANK OF NEVADA, SUCCESSOR-IN-INTEREST TO FIRST NATIONAL BANK OF ARIZONA,<br><br>            Plaintiff,<br><br> vs.<br><br>JASON HALPERN, SHAWN LAMPMAN, JOHN KNOTT, BRUCE K. ISAACSON, BRADLEY F. BURNS, LORI A. BURNS FAMILY TRUST u/a//d 4/15/1988, ORIGIN PROPERTIES, LLC, a Nevada limited liability company,<br><br>            Defendants. | 2:08-CV-01571-PMP-GWF<br><br>Consolidated with:<br>Case No. 2:09-CV-02300-PMP-GWF<br><br><br>**ORDER** |
| LAKE ELSINORE 521 LLC, a Nevada limited liability company,<br><br>            Plaintiff,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for FIRST NATIONAL BANK OF NEVADA, SUCCESSOR-IN-INTEREST TO FIRST NATIONAL BANK OF ARIZONA,<br><br>            Defendant. | |

On January 5, 2009, Plaintiff, the Federal Deposit Insurance Corporation ("FDIC") in its capacity as Receiver for First National Bank of Nevada ("FNBN"), successor in interest to First National Bank of Arizona ("FNBA") filed a Supplemental Complaint (Doc. #29) against Defendants' alleging a single claim for Deficiency Judgment, pursuant to NRS 40.455, and NRS 40.457.

FDIC's claim arises under a Promissary Note entered March 22, 2006, under which Lake Elsinore 521, LLC "Lake Elsinore," agreed to pay FNBN the sum of $18,400,000 on March 21, 2007.  FNBN extended the Note's original maturity date to September 17, 2007, and the Note was secured by a Deed of Trust in favor of FNBN on real property located in Riverside County, California.

Between March 22, 2006 and March 23, 2006, Defendants entered into separate Commercial Guarantees by which each Defendant guaranteed Lake Elsinore's full and timely satisfaction of the indebtedness under the Promissary Note. Lake Elsinore failed to make the payment due FNBN under the Note by its extended maturity date September 17, 2007, and by its Supplemental Complaint (Doc. #29) FDIC seeks a Deficiency Judgment from the Defendant Guarantors, in the amount of $7,026,317.25, plus interest, late charges, attorneys fees and costs.

On August 17, 2010, the Court approved a Stipulation in Order to Consolidate the instant case with <u>Lake Elsinore 521 LLC v FDIC</u>, Case Number 2:09-CV-02300-PMP-GWF.

Currently before the Court are Plaintiff FDIC's fully briefed Motion for Partial Summary Judgment as to Liability (Doc. #149), the Burns Defendants' Motion for Partial Summary Judgment (Doc. # 150) and the Burns Defendants' Motion to Exclude FDIC's Expert Report and Expert Witness Testimony (Doc. #151).

///

Having read and considered the foregoing, the Court finds that genuine issues of material fact remain as to whether a deficiency recoverable by FDIC exists, and if so, the amount of the deficiency.  As a result, the Court concludes that Plaintiffs' Motion for Partial Summary Judgment as to Liability (Doc. #149) and Defendants' Motion for Partial Summary Judgment (Doc. #150) must be DENIED.

**IT IS SO ORDERED**.

**IT IS FURTHER ORDERED that** the Burns Defendants' Motion to Exclude FDIC's Expert Report and Expert Witness Testimony (Doc. #151) is **DENIED**.

**IT IS FURTHER ORDERED that** the parties to these consolidated actions shall have to and **including September 27, 2011** within which to file the Joint Pretrial Order.

DATED:  August 22, 2011.

_____
PHILIP M. PRO
United States District Judge

3