UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JASON HALPERN, et al.,<br><br>　　　　　Defendants. | 2:08-CV-01571-PMP-GWF<br><br>ORDER |

Presently before the Court is Defendants' Motion for Attorneys' Fees (Doc. #231), filed on November 13, 2012. Plaintiff Federal Deposit Insurance Corporation ("FDIC") filed an Opposition (Doc. #234) on November 30, 2012. Defendants filed a Reply (Doc. #240) on December 12, 2012. The Court held a hearing on this Motion on February 25, 2013. (Mins. of Proceedings (Doc. #246).)

The parties are familiar with the facts of this case, and the Court will not repeat them here except where necessary. Defendants obtained a judgment in their favor after a bench trial, and now move for attorney's fees from the date of an unaccepted offer of judgment they made to FDIC on April 24, 2012, in the amount of $150,000. Defendants seek attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") and Federal and Nevada Rules of Civil Procedure 68. FDIC opposes, arguing that the EAJA is a limited waiver of sovereign immunity that applies only if federal statutory or common law provides a basis to award fees, and Defendants fail to identify any such applicable federal law.

Pursuant to 12 U.S.C. § 1819(b), the FDIC "in any capacity, shall be an agency of the United States for purposes of section 1345 of Title 28 without regard to whether the Corporation commenced the action."  Section 1345 grants original jurisdiction to the federal district courts over "suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

A court generally may not award costs or attorney's fees against the United States absent a statute directly authorizing such an award.  United States v. Chem. Found., 272 U.S. 1, 20 (1926).  The party seeking to recover attorney's fees from the United States bears the burden of identifying an express, unequivocal waiver of sovereign immunity.  Anderson v. United States, 127 F.3d 1190, 1191 (9th Cir. 1997).

The EAJA partially waives the United States' sovereign immunity, thus authorizing a court to award costs and attorney's fees against the United States in certain circumstances.  W. Watersheds Project v. Interior Bd. of Land Appeals, 624 F.3d 983, 985 (9th Cir. 2010).  Because the EAJA is a partial waiver of sovereign immunity, the Court must construe the Act narrowly in the United States' favor.  Id. at 989.

The EAJA authorizes an award of attorney's fees where the United States would be liable for such fees "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award."  28 U.S.C. § 2412(b).  Courts interpreting this statute, including the United States Court of Appeals for the Ninth Circuit, have strictly construed the term "any statute" and "the common law" in § 2412(b) to mean only federal statutes and federal common law.  United States v. Parsons Corp., 1 F.3d 944, 946 (9th Cir. 1993) (stating "'any statute' refers only to federal statutes" and noting the federal common law presumption in favor of the American rule of each party paying its own costs, albeit with some exceptions such as for bad faith); Olson v. Norman, 830 F.2d 811, 822 (8th Cir. 1987); Joe v. United States, 772 F.2d 1535, 1537 (11th Cir. 1985).

1       This Court is not free to disregard <u>Parsons</u>' unequivocal holding that the term "any statute" and "the common law" in § 2412(b) mean only federal statutes and federal common law. Contrary to Defendants' argument, <u>Parsons</u> was interpreting the statute, not the parties' contract, when it concluded the EAJA requires a federal source of statutory or common law to support a fee award. <u>Parsons</u>, 1 F.3d at 946-47. <u>Parsons</u> referred to the parties' contract only because in looking to whether federal law provided a basis for a fee award, the <u>Parsons</u> Court noted that "[f]ederal courts also have been known to recognize different fee arrangements when parties draft them." <u>Id.</u> at 947. <u>Parsons</u> thus evaluated whether the parties' contract at issue in that case had an enforceable fee provision. <u>Id.</u>

      Under <u>Parsons</u>, Defendants must identify a federal source of law to obtain a fee award under § 2412(b) of the EAJA. The only federal law Defendants identify as a basis for recovery of fees is Federal Rule of Civil Procedure 68. However, "Federal Rule 68 is inapplicable in a case in which the defendant obtains judgment" because by the Rule's plain language, the offeree must obtain judgment in its favor that is less favorable than the offer of the party defending the claim to trigger the Rule. <u>MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.</u>, 197 F.3d 1276, 1280 (9th Cir. 1999) (citing <u>Delta Air Lines, Inc. v. August</u>, 450 U.S. 346, 352 (1981)). Because the Court entered Judgment in Defendants' favor, Federal Rule 68 cannot be a source of recovery of attorney's fees for Defendants in this action. Defendants identify no other federal statutory or federal common law basis for recovery. Consequently, the Court will deny Defendants' Motion under § 2412(b).

      The Court also will deny Defendants' Motion for fees under state law. Defendants contend they do not need to rely on the EAJA to recover attorney's fees because under <u>MRO Communications</u>, Defendants can recover fees based on state law. However, <u>MRO Communications</u> did not involve the United States as the party against which fees were sought. <u>Id.</u> at 1278-79. Thus, while resort to state law may be appropriate against private parties under certain circumstances, Defendants still must show a waiver of

3

sovereign immunity to support awarding fees against FDIC.

Defendants rely on Resolution Trust Corp. v. Titan Fin. Corp., 22 F.3d 923 (9th Cir. 1994) to argue FDIC is not entitled to sovereign immunity when FDIC is acting as a receiver for a failed institution. However, the issue in Titan was whether there was an exhaustion requirement under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 before a prevailing defendant could seek attorney's fees against the Resolution Trust Corporation ("RTC"). Id. at 926-27. It is unclear from Titan whether the RTC ever asserted a sovereign immunity defense to an award of fees against it. Titan thus does not stand for the proposition that FDIC is not entitled to assert sovereign immunity in response to a request for a fee award when FDIC is acting in its capacity as a receiver. Nor does O'Melveny & Myers v. F.D.I.C., 512 U.S. 79 (1994) stand for this proposition. O'Melveny dealt with whether state or federal law should govern where the FDIC was acting as receiver and the issue was whether knowledge ought to be imputed to the FDIC through the failed bank. Id. at 85-87. O'Melveny did not discuss whether FDIC is entitled to invoke sovereign immunity in response to a request for attorney's fees against it when it acts in its capacity as a receiver for a failed bank.

It is Defendants' burden to identify a specific, unequivocal waiver of sovereign immunity supporting an attorney's fee award against FDIC. Defendants have not done so. Accordingly, the Court will deny the Motion for Attorney's Fees.

IT IS THEREFORE ORDERED that Defendants' Motion for Attorneys' Fees (Doc. #231) is hereby DENIED.

DATED: February 27, 2013

_____
PHILIP M. PRO
United States District Judge

4